## EMACK *v.* RUSHENBERGER.

MECHANICS' LIENS ; PERSONAL JUDGMENTS IN PROCEEDINGS TO
ENFORCE MECHANICS' LIENS.

1. While in a proceeding to enforce mechanics' liens under the Me-
   chanics' Lien Law (23 Stat. 65), a personal judgment can only
   be awarded against the party who incurred the debt, still a per-
   sonal decree in such a proceeding by sub-contractors against
   the owner of the property, as well as the original contractor, is
   proper where, during the progress of the building, the contractor
   failed and abandoned the work ; and where the record shows
   an unexpended balance of the contract price remaining in the
   owner's hands more than sufficient to pay the claims of the sub-
   contractors.

2. And in such a case it would *seem* to be immaterial whether the
   sub-contractors filed their notices of lien within the time pre-
   scribed by the statute or not.

3. Where the bill in such a case contains a prayer for general relief
   and the amount involved is small, it will be unnecessary to
   amend or modify the pleadings.

No. 540.   Submitted March 10, 1896.   Decided March 17, 1896.

HEARING on an appeal by two of several defendants from
a decree in a proceeding to enforce mechanics' lien.
*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Wm. Meyer Lewin* for the appellants.

*Mr. Frank T. Browning* and *Mr. Percival M. Brown* for
the appellees.

Mr. Justice MORRIS delivered the opinion of the Court :

This is a proceeding under the mechanics' lien law, insti-
tuted by the appellees, George W. Rushenberger and
George W. Harrison, each holding or claiming separate and

independent liens against the same property, but joining in their prosecution as authorized by the statute.

The property sought to be subjected to the satisfaction of the liens consists of five lots of ground, numbered from 37 to 41, both included, in square No. 516, in the city of Washington, with the buildings thereon, three in number it would seem, out of the construction of which the claims of lien grew ; and is the separate estate of the appellant Marion Emack, a married woman, with whom was joined in the suit her husband, the co-appellant Charles G. Emack, who, in the construction of the buildings and in the transactions with all the persons concerned therein, seems to have acted as if the property were his own, although he is to be presumed to have acted for his wife and as her agent.

The appellee George W. Rushenberger constructed the electric bells and speaking tubes in the house, and all the work necessary for the operation thereof, under a contract to do the same for $96, which sum was increased by some extra work to $100, which is the amount of his claim, and for which he filed his lien and co-operated in these proceedings. This work he contracted for with the contractors for the buildings on March 2, 1893. Most of the rough work, the putting in of the wires and tubes, he seems to have done in June of 1893 ; and he claims to have finished the work on August 28, 1893. Neither the performance of the work according to the contract, nor the amount of his claim, is contested. The only controversy as to him is as to the time of the completion of the houses and of his work, which is claimed by the appellants to have been in July of 1893, and before the 25th of that month ; and the contention therefrom is that his notice of lien, which was filed on October 28, 1893, was too late, and cannot be enforced. It seems that he had filed an earlier notice of lien on June 27, 1893, which was defective or incorrect in describing the lots as Nos. 465, 467 and 469, in square No. 516, which were the *house* numbers on the street, and not the numbers of the lots on the land records. It is conceded that he has

not been paid for his work ; and it is not controverted that he is entitled to compensation for it.

The other appellee, George W. Harrison, furnished lumber for the buildings to the value of $152.31, and was also a superintendent for the construction of the buildings for an aggregate compensation of $65, all under contracts made by him with William F. Kirby & Brother, the original contractors with Charles G. Emack for the construction of the buildings. The total amount of his claim is $217.31, diminished in the decree of the court below to the sum of $197.81, in consequence of the deduction of the value ($19.50) of some laths removed with his consent to some other building. The contention of the appellants is that Harrison's claim for labor accrued not under any contract with Kirby & Brother, but under an agreement with Monroe and Campbell, their sureties upon a bond to Emack, who assumed the conduct of the work upon the failure and assignment of Kirby & Brother, which occurred during its progress, and their consequent abandonment of the construction of the houses ; and that, inasmuch as Monroe and Campbell were not made parties to this suit, his failure to join them in it must be fatal to this part of his claim. And as to the portion of his claim that accrued from the furnishing of lumber, it is objected that he was merely a surety ; that, if he furnished them otherwise than a surety, it was not to the contractor, but to a sub-contractor, one Crawford, which would not authorize him to file a lien on the property ; and that his conduct in permitting the removal of a certain portion of the lumber, namely, the laths above mentioned, and then attempting to enforce a lien for the full amount of his claim, was a fraud upon the owner of the buildings which should preclude him from any recovery in this case. It is not controverted that his notice of lien was filed in time, and that his claim is otherwise correct. The notice was filed on August 28, 1893.

There is a strange uncertainty in the record in regard to the time of the commencement and completion of the

houses, the former, however, not being until after September 28, 1892, and the latter event having occurred, according to the claim of the appellants, as early as July 25, 1893, and, according to the contention of the appellees, as late as August 28, 1893, when Rushenberger claims to have put in his electrical batteries in the westernmost of the three houses.

According to the statement of the appellants contained in their answer to the bill filed by the appellees, five notices of lien were filed against the property, therein including the two filed by the appellees. The claims aggregated, according to this statement, the sum of $1,667.30. But the details are not consistent with this statement, for the sum of the five different claims specified is only $697.05, exclusive of the interest. It does not appear that any suits have been instituted upon any of these claims or notices, other than the present proceedings instituted by the appellees.

The contract price for the construction of the buildings, as stated by the appellants in their answer, was the sum of $11,838.75; and of this sum, at the time of filing their answer, they had paid out only $10,940.55, which left in their hands a balance unexpended amounting to $898.20, and only the five claims above mentioned remaining unsettled. And it appeared, also, that by means of compromises and the enforcement of forfeitures for non-completion of work in due time, the appellants had saved the further sum of $740 from the contract price of the work.

Their claims remaining unpaid, the appellees filed this bill in equity in this cause to enforce their liens. They made defendants to the bill not only the appellants here, but also William F. Kirby and Samuel L. Kirby, the original contractors for the construction of the buildings, and likewise the American Security and Trust Company and Mahlon Ashford and Aldis B. Browne, trustees, in respect of two deeds of trust by way of mortgage, dated September 28, 1892, and executed to secure to the Trust Company the repayment of two loans, made by it to the appellants, aggregating $4,600.

After answers and replications filed and testimony taken, the Supreme Court of the District of Columbia decreed in favor of the appellees, the complainants below. It adjudged that a decree *pro confesso* taken against the Kirby brothers be made final; that the complainant Rushenberger should recover against the Kirbys and against Marion Emack the sum of $100, with interest from August 1, 1893; that the complainant Harrison should recover against the same three defendants the sum of $197.81, with interest from July 13, 1893; that said two sums, with the interest thereon, should constitute a lien upon the property hereinbefore described; and that, unless the said defendants should, within twenty days thereafter, pay the said sums, the property should be sold, subject to the two deeds of trust above mentioned, for the satisfaction of the claims; and trustees were appointed to make the sale, and their course of proceeding was prescribed.

The American Security and Trust Company and the trustees Ashford and Browne were satisfied with the decree, which did not disturb their rights in any manner; and they have not appealed; nor have the Kirby Brothers. But Marion Emack, the owner of the property, and her husband, Charles G. Emack, have appealed, and their appeal is now before us for determination.

In view of the fact that the appellants have in their hands the sum of $898.20, yet remaining of the contract price for the construction of the houses and amply sufficient to satisfy all the outstanding claims for such construction, and that the justice of the claim of the appellant Rushenberger is beyond all question, and that even the claim of Harrison, as finally found by the court below, can scarcely be said to be seriously controverted, and as there is no important question of principle, so far as we can see, involved in the case, it is very greatly to be regretted that litigation so expensive should have been indulged in by the parties to the cause over claims so unimportant in their amount. We have no disposition to add to the vexation of that litigation by find-

ing error in the decision of the court below, unless that error
is made very apparent to us.    And certainly in regard to any
question of fact involved, such as the question of the time
at which these houses were finished, we would be most re-
luctant to overthrow the conclusion reached by the decree
appealed from, unless that conclusion were shown to be
clearly erroneous.    There is but little in the case beyond
this and one or two other minor questions of fact ; and we
are not satisfied from the perusal of the testimony, which it
would serve no good purpose here to analyze, that there
was error in the determination of any of these questions.
The testimony, perhaps, is not very conclusive on either
side ; but there is sufficient in any event to warrant the find-
ing of facts upon which the court below based its adjudica-
tion ; and, as we have intimated, we do not think that the
cause of justice would be subserved in any respect by our
disturbance of that finding, whatever might have been our
own independent conclusion from the testimony.

But it is argued, apart from the questions of fact involved,
that the decree upon its face is erroneous, as awarding a per-
sonal judgment against Marion Emack, the owner of the
property, for the amount found to be due upon the liens.
Ordinarily this would be error ; for the statute (23 Stat., p.
65) only authorizes a personal judgment " against the party
who incurred the debt," in this case the original contractors,
the Kirbys.    But here the appellants have admitted assets
in their hands to the amount of $898.20, justly and equi-
tably payable for the construction of these buildings, and
under the circumstances of this case, not to the Kirbys, but
to their sub-contractors.    If the question were one merely of
the enforcement of the lien, no such personal judgment
could properly be rendered.    But this suit involves the dis-
position of a balance of money in the hands of the appel-
lants, to which the appellees are equitably entitled, if their
claims are just, and those claims are found to be just.    The
appellants themselves are not entitled to that balance under
any circumstances as against the other parties in interest ;

and it would have been proper for them to have paid the
money into court as under a bill of interpleader. As they
have not chosen to pay it into court, it was proper, in con-
sideration of it, for the court to have awarded a personal
judgment against them. And we may add that, in this
view of the case, it would seem to make but little difference
whether the appellees were in time with their lien or not.
Under the statute they had an equitable right to this money,
or to so much of it as was required to pay their claims ; and
their right to payment therefrom, independently of the lien
upon the property and of the time of filing of that lien,
might well be sustained under the peculiar circumstances of
this case. Whether for that purpose the pleadings should
not have been somewhat modified, it is unnecessary to de-
termine. There was a prayer in the bill of complaint for
general relief; and in view of that prayer and of the small-
ness of the amount involved, there would be no equity in
the requirement of a re-cast of the pleadings.

   We are of opinion that there was no error in the decree
of the Supreme Court of the District of Columbia in the
premises, and that this decree should be *affirmed, with costs.
And it is so ordered.*